# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BUILDING TRADES UNITED PENSION FUND and DOUG EDWARDS, *in his capacity as Trustee*,<br><br>Plaintiffs,<br><br>v.<br><br>DS PROPERTY MAINTENANCE AND MANAGEMENT, LLC,<br><br>Defendant. | Case No. 21-CV-178-JPS<br><br><br>**ORDER** |

1. **BACKGROUND**

On February 15, 2021, Plaintiffs Building Trades United Pension Fund (the "Fund") and Doug Edwards, in his capacity as Trustee and a fiduciary of the Fund (collectively, "Plaintiffs") brought this action against Defendant DS Property Maintenance and Management, LLC, ("Defendant"). (Docket #1). According to Plaintiffs, the Fund is "an employee benefit plan" under the Employee Retirement and Security Act of 1974 ("ERISA"). (*Id.* at 2). Plaintiffs allege that Defendant violated ERISA, specifically, 29 U.S.C. §§ 1132 and 1145, by failing to pay due and owing contributions to the Fund. (*Id.* at 6–7). Plaintiffs also allege that Defendant violated the terms of collective bargaining agreements by failing to make such payments to the Fund and, *inter alia*, by "refusing to allow Plaintiffs' auditors access to books and records necessary to perform an audit billing." (*Id.* at 2–3).

In addition to requesting unpaid contributions, interest, and liquidated damages owed to the Fund, Plaintiffs ask the Court to direct

(1) Defendant to provide Plaintiffs a list of Defendant's account receivables, and (2) Defendant to fully submit to an audit of Defendant's books and records for the audit period of January 1, 2018 through September 30, 2019. (*Id.* at 7–8).

Plaintiffs served Defendant on April 21, 2021. (*See* Docket #4). However, Defendant has neither appeared nor filed a responsive pleading. Thereafter, on June 2, 2021, Plaintiffs requested that the Clerk of Court enter default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (Docket #5). The Clerk of Court entered default the following day.

Now before the Court is Plaintiffs' motion pursuant to Rule 55(b)(2), which Plaintiffs filed on June 2, 2021. (Docket #6). Therein, Plaintiffs seek "an order requiring Defendant to submit an audit and seek[] any unpaid contributions, interest and liquidated damages revealed by said audit, along with reasonable attorney's fees and costs." (*Id.* at 1). Defendant has not responded to Plaintiffs' motion, and the time to do so has expired. Civ. L.R. 7(b). Thus, the Court will treat Plaintiffs' motion as unopposed. Civ. L.R. 7(d).

2.  **LEGAL STANDARD**

Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Nevertheless, Plaintiffs bear the responsibility to prove up their damages under Rule 55(b)(2). Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)

(citations and quotations omitted). Default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (citation and quotations omitted).

3. ANALYSIS

   3.1 **Plaintiffs' Request for Injunctive Relief**

Based on the allegations in Plaintiffs' complaint, the Court finds Defendant liable for violations of ERISA. In their proposed order, Plaintiffs request that this Court order Defendant to submit to an audit "covering the period from January 1, 2018 to the present date." (Docket #6-1). Further, Plaintiffs request that Defendant submit its books and records to the Fund's designated representative within ten (10) days of the date of this Order. (*Id.*)

Pursuant to § 1132(a)(3)(B), a civil action may be brought "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." Equitable relief under § 1132(a)(3) "includes 'categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages).'" *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 n.7 (7th Cir. 1995) (quoting *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993)). Therefore, the Court will grant Plaintiffs' request for equitable relief in the form of an injunction and order that Defendant submit to an audit of its books and records for the period from January 1, 2018 through the date of this Order. *See Bldg. Trades United Pension Tr. Fund v. Surh Title Co.*, No. 15-cv-185-PP, 2015 WL 3490208, at *1 (E.D. Wis. June 2, 2015). Such audit shall be conducted by Plaintiffs' designated representative. However, to obviate the need for any future extensions, the Court orders Defendant to submit to

an audit within thirty (30) days of this Order. The audit shall cover the period from January 1, 2018 to the date of this Order.

### 3.2 Plaintiffs' Request for Damages

Next, the Court addresses Plaintiffs' request in which they seek "any unpaid contributions, interest and liquidated damages revealed by [the] audit, along with reasonable attorney's fees and costs." (Docket #6 at 1). However, in Plaintiffs' proposed order, they ask the Court to order Plaintiffs to "submit a motion for default judgment within thirty (30) days of completion of the audit" and to "enter judgment . . . to include all contributions, interest and liquidated damages due to Plaintiffs as reported by the auditor, along with Plaintiffs' costs and attorney's fees." (Docket #6-1 at 2).

To be sure, Plaintiffs have established Defendant's liability. Yet, under Rule 55(b)(2), Plaintiffs must "prove up" the amounts that Defendant owes to the Fund. Therefore, at this juncture, the Court will deny Plaintiff's request for default judgment without prejudice. *See Raines v. Steel Rock Com., LLC*, File No. 20-cv-2124 (ECT/KMM), 2020 WL 8256372, at *3 (D. Minn. Dec. 21, 2020) (granting the plaintiffs' motion for an injunction and instructing them to file and serve a motion seeking default judgment at the conclusion of an audit of the defendant's records). Plaintiffs may file another motion for default judgment within thirty (30) days of the completion of the audit. Thereafter, the Court will assess the amount of unpaid contributions, interest, liquidated damages, and attorney's fees and costs that Defendant owes to Plaintiffs and will enter judgment accordingly.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for injunctive relief (Docket #6) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, within thirty (30) days of this Order, Defendant shall submit to an audit of its books and records for the period from January 1, 2018 through the date of this Order; such audit shall be conducted by Plaintiffs' designated representative;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment (Docket #6) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that, within thirty (30) days of the completion of the audit, Plaintiffs may file a motion for default judgment with an accounting of the unpaid contributions, interest and liquidated damages revealed by the audit, along with reasonable attorney's fees and costs that Defendant owes to Plaintiffs.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge