# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BUILDING TRADES UNITED PENSION TRUST FUND and DOUG EDWARDS, *in his capacity as Trustee*,<br><br>Plaintiffs,<br><br>v.<br><br>DS PROPERTY MAINTENANCE AND MANAGEMENT, LLC,<br><br>Defendant. | Case No. 21-CV-178-JPS<br><br><br>**ORDER** |

On February 15, 2021, Plaintiffs Building Trades United Pension Trust Fund (the "Fund") and Doug Edwards, in his capacity as Trustee and a fiduciary of the Fund (collectively, "Plaintiffs") brought this action against Defendant DS Property Maintenance and Management, LLC, ("Defendant"). (Docket #1). According to Plaintiffs, the Fund is "an employee benefit plan" under the Employee Retirement and Security Act of 1974 ("ERISA"). (*Id.* at 2). Plaintiffs allege that Defendant violated ERISA, specifically, 29 U.S.C. §§ 1132 and 1145, by failing to pay due and owing contributions to the Fund. (*Id.* at 6–7). Plaintiffs also allege that Defendant violated the terms of collective bargaining agreements by failing to make such payments to the Fund and, *inter alia*, by "refusing to allow Plaintiffs' auditors access to books and records necessary to perform an audit billing." (*Id.* at 2–3).

Plaintiffs served Defendant on April 21, 2021. (*See* Docket #4). However, Defendant neither appeared nor filed a responsive pleading. Thereafter, on June 2, 2021, Plaintiffs requested that the Clerk of Court enter

default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (Docket #5). The Clerk of Court entered default the following day. On June 2, 2021, Plaintiffs filed a motion pursuant to Rule 55(b)(2). (Docket #6). Therein, Plaintiffs sought "an order requiring Defendant to submit an audit and seek[] any unpaid contributions, interest and liquidated damages revealed by said audit, along with reasonable attorney's fees and costs." (*Id.* at 1). Defendant did not respond to Plaintiffs' motion. The Court granted Plaintiffs' request for injunctive relief and ordered Defendant to submit to an audit of its books and records for the period from January 1, 2018 through the date of that order. (Docket #10). The Court also denied Plaintiffs' request for default judgment without prejudice and instructed that "within thirty (30) days of the completion of the audit, Plaintiffs may file a motion for default judgment with an accounting of the unpaid contributions, interest and liquidated damages revealed by the audit, along with reasonable attorney's fees and costs that Defendant owes to Plaintiffs." (*Id.* at 5). On January 13, 2022, Plaintiffs filed a renewed motion for default. (Docket #11). The Court will now grant that motion.

Again, Plaintiffs served Defendant on April 21, 2021. (*See* Docket #4). Defendant has not responded in any fashion, and the deadline for doing so has expired. *See* Civ. L.R. 7(b). As a result, the Court treats Plaintiffs' motion as unopposed. Civ. L.R. 7(d). The facts pleaded in the complaint establish Defendant's liability. (Docket #1). Plaintiffs, nevertheless, bear the responsibility to prove up damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with

reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (internal citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiffs seek the following: (1) $939.78 in contributions, interest, and liquidated damages and (2) $2,802.00 in fees and costs. (Docket #11). In support of their request, Plaintiffs have provided declarations from Dana Meixner (one of the auditors for Building Trades United Pension Trust Fund), Steven Breitlow (the business manager for Plumbers Local 75), and Yingtao Ho (the attorney for Plaintiffs). (Docket #13, #14, #15). Between Plaintiffs' brief and its submitted declarations, the Court finds that Plaintiffs' evidence is sufficient to establish the exact amount of damages that Defendant owes.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Docket #11) be and the same is hereby **GRANTED**; Plaintiffs shall recover from Defendant as follows: (1) $939.78 in contributions, interest, and liquidated damages and (2) $2,802.00 in fees and costs, for a total of $3,741.78, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge